UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.S.,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action No. 26-2879 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff D.S. brings this suit alleging that the District of Columbia failed to provide her daughter, C.K., with the public education guaranteed to her under the Individuals with Disabilities Education Act. See ECF No. 1 (Compl.), ¶ 1. Plaintiff also moves to proceed pseudonymously. See ECF No. 2 (Mot.). As she has made a sufficient showing, the Court will grant the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the

litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Plaintiff has met her burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

First, the Complaint concerns the type of "sensitive and highly personal information" this Court has long seen fit to protect through pseudonymity. In re Sealed Case, 971 F.3d at 327 (quotation marks omitted). It discusses C.K.'s "suspected disability" and "eligibility for special education." See, e.g., Compl., ¶¶ 1, 6. Such information is deeply sensitive and personal. See Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The disabilities and medical histories of plaintiffs — including their status [as] individuals with disabilities — are paradigmatically 'sensitive' and 'highly personal.'") (citation omitted). Plaintiff notes that the administrative record in this case "contains educational records," too. See Mot. at 2. Disclosure of Plaintiff's identity would make it easy for the public to discover her daughter C.K.'s identity. J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016)

("And, if the Plaintiffs' own identities can easily be discerned, so can their son's."); see also id. ("In IDEA cases, in particular, courts have allowed both parents and children to proceed anonymously.") (citations omitted). Given the sensitive information necessary for Plaintiff to levy her allegations, the Court finds this factor weighs in favor of pseudonymity.

The second factor cuts the other way. It considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular, concrete threats. J.K.A. v. United States, 2023 WL 12248425, at *2 (D.D.C. Aug. 10, 2023). Because Plaintiff points to no such risk, this factor weighs against pseudonymity. See Mot. at 3–4.

The third factor squarely supports pseudonymity. It favors pseudonymity when a case implicates the privacy interests or safety of a minor — including for adult plaintiffs whose identities might reveal those of their children. See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); Z.J. v. District of Columbia, 2023 WL 12263329, at *2 (D.D.C. May 9, 2023) (reasoning that "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up). Indeed, as Plaintiff notes, "[c]hildren's identities in court filings are a special case." Mot. at 2 (quoting Eley v. District of Columbia, 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016)). This factor counsels in favor of pseudonymity to protect C.K.'s privacy.

The fourth and fifth factors, taken together, also favor pseudonymity. Those factors consider the defendant's identity and any potential prejudice from a plaintiff's pseudonymity. In re Sealed Case, 971 F.3d at 326–27. Here, Defendant is the District of Columbia. See Compl. at

1. This Court agrees with other courts in this district that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). The public interest in litigation against the government is further reduced where, as here, a plaintiff seeks individualized, rather than programmatic, relief. See Doe 1 v. United States, 2024 WL 6967362, at *3 (D.D.C. Oct. 9, 2024) ("When a plaintiff requests individualized relief against a government defendant, the fourth factor favors pseudonymity.") (cleaned up). The relief D.S. seeks under the IDEA — namely, a declaration that Defendant violated the statute with respect to C.K. and a court order directing it to take specific steps to provide a free and appropriate public education to her — depends on C.K.'s specific educational history and interactions with the District of Columbia. See Compl., ¶ 1. Where a plaintiff "seeks to vindicate merely his individual right," pseudonymity is warranted. S.A. v. District of Columbia, 2026 WL 913086, at *2 (D.D.C. Apr. 3, 2026) (citation omitted). Here, Plaintiff seeks to vindicate the rights of a minor (C.K.) and litigate only that minor's rights against the District. See Compl., ¶ 1. Nor is the fifth factor — prejudice to defendants — at play here: the District presumably knows the identities of D.S. and C.K. from its own administrative and educational records. See, e.g., id., ¶ 8 (noting that an administrative-hearing officer ordered Defendant to provide C.K.'s educational records to D.S.).

Because four of the factors weigh heavily in favor of pseudonymity and the second factor (concerning retaliatory harm) does not overcome them, the Court holds that pseudonymity is warranted in this case.

## III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;
3. Plaintiff's [2-1] Notice of Full Name and Address shall remain under seal for now; and
4. Within fourteen days of this Order, Plaintiff shall file her [2] Motion and [2-2] Proposed Order on the public docket.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: August 20, 2026